# EXHIBIT 4

# U.S. PRETRIAL SERVICES REPORT





# CONFIDENTIAL

**The Pretrial Services report should not be re-disclosed to other parties (i.e., agents, family, or other third parties) by defense counsel or the attorney for the government.**

**FOR COURTROOM USE ONLY. RETURN ALL COPIES TO THE PRETRIAL SERVICES OFFICER IMMEDIATELY AFTER THE HEARING. ALL COPIES MUST BE DELETED OR DESTROYED AT THE CONCLUSION OF THE PROCEEDINGS.**

# THE REPORT MUST NOT BE TAKEN OUT OF THE COURTROOM

### Confidentiality of Pretrial Services Reports and Information

Title 18 USC § 3153(c)(1) restricts the use of Pretrial Services' information and reports. Pretrial Services' information is to "be used only for the purposes of bail determination and shall otherwise be confidential." If for any reason the report(s) is ordered placed in evidence, it should be under seal.

As mandated by Title 18 USC § 3153(c)(2), the Director of the Administrative Office of the U.S. Courts has issued Confidentiality Regulations. Copies of the Confidentiality Regulations have been provided to the Court and will be made available to counsel upon request.

**PROPERTY OF U.S. PROBATION & PRETRIAL SERVICES OFFICE**
**Central District of California**

6/2024

# PRETRIAL SERVICES REPORT

# CENTRAL DISTRICT OF CALIFORNIA

| District Office | Charge(s), Title, Section, Description |
|---|---|
| Santa Ana | 18 USC § 111: Assault on a Federal Officer |

| Judicial Officer |
|---|
| The Honorable Autumn D. Spaeth |

| Docket Number |
|---|
| 2:25-mj-03506-DUTY-1 |

| Time | Date |
|---|---|
| 1:00 PM | June 9, 2025 |

| U.S. Probation & Pretrial Services Officer |
|---|
| Jarryd Tanedo           (213) 651-5388 |

## DEFENDANT HISTORY

| Name | Employment/School |
|---|---|
| Brayan Ramos-Brito | Uber Eats (Driver) |

| Address | Address |
|---|---|
| 15525 S. White Avenue Apartment B Compton, California | Los Angeles County |

| Time at Address | Time in Community | Monthly Gross Income | Time in Employ/School |
|---|---|---|---|
| Life | Life | $600 | 3 Months |

*FOR COURTROOM USE ONLY - RETURN TO PRETRIAL SERVICES AT CLOSE OF HEARING PROPERTY OF UNITED STATES DISTRICT COURT MUST NOT BE TAKEN FROM COURTROOM OR PHOTOCOPIED TITLE 18 U.S.C. 3153(c)(1); (2)*

Page 2

**Pretrial Services Report for The Honorable Autumn D. Spaeth**

**Re: Brayan Ramos-Brito**

Pretrial Services interviewed the defendant; however, his background information remains unverified. The defendant was unable to recall the contact information of any collateral resources.

**Defendant History / Family Ties**: The defendant was born on November 7, 1995, in Lynwood, California. The defendant advised he does not maintain contact with his parents and is unsure of where they currently reside. The defendant noted he maintains daily contact with his adult brother and sister, both of whom reside at the face sheet address.

This information remains unverified.

**Residence**: If released, the defendant will return to the face sheet address where he has been residing with his adult brother and sister his entire life. There are no firearms reported to be in the residence. The defendant's brother is named as the leaseholder of the property. The defendant reported he has lived in Los Angeles County his entire life.

This information remains unverified.

**Education**: The defendant obtained a high school diploma. The defendant reported no history of military service.

This information remains unverified.

**Marital**: The defendant reported he is single and has no children.

This information remains unverified.

**Citizenship/Foreign Travel**: The defendant is a U.S. citizen by birth. The defendant reported no possession of passport documents or history of foreign travel.

This information remains unverified.

**Bail Resources**: The defendant provided his brother, Mr. Emmanuel Casillas, as possible bail resource. The defendant noted Mr. Emmanuel Casillas is a U.S. citizen residing at the face sheet address and is employed as an order writer for Whole Foods Market supermarket.

Page 3

**Pretrial Services Report for The Honorable Autumn D. Spaeth**

**Re:  Brayan Ramos-Brito**

This information remains unverified.

**Employment History**: The defendant has been employed as a driver for Uber eats for three months while he is seeking full-time employment. The defendant noted he works within Los Angeles County and earns approximately $600 per month. The defendant reported he previously worked as a meat cutter for a Ralphs grocery store.

This information remains unverified.

**Financial Statement**:  As for assets, the defendant reported he has a 2003 Toyota Corolla vehicle. The defendant reported no recurring benefits or significant liabilities. As for recurring monthly expenses, he reported he pays $50 for internet services, $90 for his cell phone, and $70 for auto insurance.

This information remains unverified.

**Health**: The defendant reported no history of physical or mental health or substance abuse issues or treatment.

This information remains unverified.

**Prior Record**: A criminal background records check with the Federal Bureau of Investigation, the California Bureau of Criminal Identification and Information, and the National Crime and Information Center, under the given name, date of birth, and variations revealed the following criminal history:

### Charges – Juvenile/Dismissed/No Disposition/Other

| Arrest/Offense Date | Arrest Location | Charge, Class, Disposition and Date |
| --- | --- | --- |
| 2025-05-17 | CALIFORNIA | COUNT 1: UNLICENSED DRIVER<br>DISPO: NO DISPO |

**DMV History**: The defendant does not have a driver's license. However, he has an identification card with the noted address being the face sheet address.

**Wants and Warrants**: None known to Pretrial Services asides from today's matter.

Page 4

**Pretrial Services Report for The Honorable Autumn D. Spaeth**

**Re:  Brayan Ramos-Brito**

**Alleged Offense Conduct**:  The defendant is charged with 18 USC § 111: Assault on a Federal Officer. According to the case agent, during the instant offense, the defendant verbally threatened he will shoot at Border Patrol Agents.

**Assessment of Risk of Nonappearance:**
   **Factors that Indicate Risk of Nonappearance**
   - Unverified background
   - Lack of full-time employment
   - Unverified bail resources

   **Factors that Offset Risk of Nonappearance**
   - Employed part-time
   - Longtime residence of CAC
   - Family ties to community
   - No foreign travel history
   - No passport
   - U.S. Citizen

**Assessment of Danger:**
   **Factors that Indicate Danger to the Community**
   - Nature of allegations

   **Factors that Offset Danger to the Community**
   - Limited criminal history with no known convictions

Page 5

**Pretrial Services Report for The Honorable Autumn D. Spaeth**

**Re:  Brayan Ramos-Brito**

**Summary / Comments**: Before the Court is a 29-year-old defendant. Pretrial Services remains concerned with the defendant's lack of full-time employment and unverified background and bail resources. However, the defendant is reportedly employed part-time, maintains longtime residential and familial ties to his community of residence, no history of foreign travel, no ownership of any passport documents, and he is a U.S. citizen. Pretrial Services believes a suitable bond and conditions of release can mitigate concerns for nonappearance.

Regarding danger, the nature of the allegations remains concerning. However, the defendant has a limited criminal history with no known felony convictions.

Based on the above assessment, Pretrial Services recommends release on the following conditions:

JT/jaj

**Pretrial Services Report for the Honorable** Autumn D. Spaeth

**Re:** **Brayan Ramos-Brito**

## Recommendation

| | | |
|---|---|---|
| ☑ Set bail as indicated below | ☐ Change/modify as indicated | ☐ Remain as previously set |
| ☐ No recommendation | ☐ Temporary detention §3142(d) | ☐ Detention §3142(e) |

## Type of Bond

1. ☐ Personal Recognizance
2. ☐ Unsecured Appearance Bond $_____
3. ☑ Appearance Bond $ 10,000
   - (a) ☐ Cash Deposit $_____
   - (b) ☑ Affidavit of Surety Without Justification [CR-4] Signed by: A responsible third-party.

(c) ☐ Affidavit With Justification of Surety [CR-3] Signed by:
☐ With Full Deeding of Property

4. ☐ Collateral Bond in the Amount of (Cash or Negotiable Securities) $_____
5. ☐ Corporate Surety Bond in the Amount of $_____
☐ Forthwith Release with Bond to be Posted by:_____

## Conditions of Release

*In addition to the General Conditions of Release:*

☐ No U.S. Probation and Pretrial Services supervision

1. ☑ Submit to United States Probation and Pretrial Services supervision as directed by Supervising Agency.
2. ☑ Surrender all passports and travel documents to Supervising Agency no later than _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.
3. ☑ Travel is restricted to the Central District of CA unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel as well as for any domestic travel if the defendant is in a Location Monitoring Program or as otherwise provided for below.
4. ☑ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.
5. ☑ Maintain or actively seek employment unless excused by Supervising Agency for schooling, training, or other reasons approved by Supervising Agency. Verification to be provided to Supervising Agency. ☑ Employment to be approved by Supervising Agency.
6. ☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____; ☐ except for _____.
7. ☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present: _____

Re: Brayan Ramos-Brito

Conditions of Release (continued from previous page)

8. [✓] Do not possess any firearms, ammunition, destructive devices, or other dangerous weapon. [ ] Surrender any such item as directed by Supervising Agency by _____ and provide proof to Supervising Agency. [✓] In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

9. [ ] Do not use or possess any identification, mail matter, access device (including, but not limited to, credit and debit cards), or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency.
   [ ] In order to determine compliance, you agree submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

10. [ ] Do not engage in telemarketing.

11. [ ] Do not sell, transfer, or give away any asset valued at $_____ or more without notifying and obtaining permission from the Court, except _____.

12. [ ] Do not engage in tax preparation for others.

13. [ ] Do not use alcohol. [ ] Submit to alcohol testing. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency.

14. [ ] Do not use or possess illegal drugs or state-authorized marijuana. [ ] Submit to drug testing. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency. If directed to do so, participate in outpatient treatment as approved by Supervising Agency.
   [ ] In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

15. [ ] Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or any street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

16. [ ] Participate in residential substance abuse treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. [ ] **Release to Supervising Agency only**.

17. [ ] Participate in mental health treatment, which may include evaluation, counseling, or treatment as directed by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

18. [ ] Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

   a. **Location Monitoring Restrictions (Select One)**

   [ ] **Location Monitoring only - no residential restrictions**

   [ ] **Curfew**: Curfew requires you to remain at home during set time periods. **(Select One)**
      [ ] As directed by Supervising Agency; **or**
      [ ] You are restricted to your residence every day from ____ to ____

   [ ] **Home Detention**: Home detention requires you to remain at home at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency.

   [ ] **Home Incarceration:** Home Incarceration requires you to be at home 24 hours a day except for medical needs or treatment, attorney visits, court appearances or obligations, and _____, all of which must be preapproved by Supervising Agency.

Re: **Brayan Ramos-Brito**

Conditions of Release (continued from previous page)

    b. **Location Monitoring Technology (Select One)**
- [ ] Location Monitoring technology at the discretion of the Supervising Agency. (If checked, skip to c)
- [ ] Location Monitoring with an ankle monitor (Select one below)
  - [ ] at the discretion of the Supervising Agency or
  - [ ] Radio Frequency (RF) **or**
  - [ ] Global Positioning System (GPS)

**or**

- [ ] Location Monitoring **without** an ankle monitor (Select one below)
  - [ ] at the discretion of the Supervising Agency **or**
  - [ ] Virtual/Biometric (smartphone required to participate) **or**
  - [ ] Voice Recognition (landline required to participate)

    c. **Location Monitoring Release Instructions (Select One)**
- [ ] Release to Supervising Agency only **or** [ ] Enroll in the location monitoring program within 24 hours of release.

19. [ ] You are placed in the third-party custody (*Form CR-31*) of _____.

20. [ ] Clear outstanding [ ] warrants or [ ] DMV and traffic violations and provide proof to Supervising Agency within ___ days of release from custody.

21. [ ] Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data. [ ] In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

22. [ ] All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

23. [ ] Do not use or possess more than one virtual currency wallet/account, and that one wallet/account must be used for all virtual currency transactions. Do not obtain or open a virtual currency wallet/account without prior approval of Supervising Agency. You must disclose all virtual currency wallets/accounts to Supervising Agency when supervision starts and must make them available to Supervising Agency upon request. You may use or possess only open public blockchain virtual currencies and are prohibited from using private blockchain virtual currencies unless prior approval is obtained from Supervising Agency. [ ] In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, which may be in conjunction with law enforcement.

**Cases Involving a Sex-Offense Allegation**

24. [ ] Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children. [ ] In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

25. [ ] All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

26. [ ] Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person under the age of 18 except in the presence of the parent or legal guardian of the minor after you have notified the parent or legal guardian of the pending charges or convictions involving a sex offense and only as authorized by Supervising Agency

Re: Brayan Ramos-Brito

Conditions of Release (continued from previous page)

27. ☐ Do not enter or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places frequented by persons under the age of 18 and only as authorized to do so by Supervising Agency.

28. ☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

29. ☐ Do not view or possess child pornography or child erotica, including but not limited to pictures, photographs, books, writings, drawings, or videos depicting or describing child pornography. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, by Supervising Agency, which may be in conjunction with law enforcement.

30. ☐ Other conditions:

**Submitted by Officer:** *[signature]*          **Telephone:** 213-651-5388

**Approved by Supervisor:** *Joey A. Johnson*    **Telephone:** 213-894-5379

PTS07 (Revised 10/18/2024)