BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JEHAN PERNAS KIM (Cal. Bar No. 320584)
Assistant United States Attorney
Deputy Chief, Transnational Organized
Crime Section
PATRICK D. KIBBE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (714) 338-3549/ (213) 894-6482
     Facsimile: (213) 894-0141
     Email:    jehan.kim@usdoj.gov
               patrick.kibbe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-501-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE SELF-DEFENSE |
| v. | |
| BRAYAN RAMOS-BRITO, | Hearing Date: Sept. 15, 2025<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the<br>             Hon. Stephen V.<br>             Wilson |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Jehan P. Kim and Patrick D. Kibbe, hereby files its motion in limine to preclude defendant from raising a self-defense theory at trial.

1  This motion in limine is based upon the attached memorandum of
2  points and authorities, the files and records in this case, and such
3  further evidence and argument as the Court may permit.
4  On September 8, 2025, government and defense counsel met and
5  conferred regarding this motion telephonically.  At the meet and
6  confer, defense counsel indicated defendant had not yet decided
7  whether defendant was going to argue self-defense, but planned to
8  oppose the relief sought in this motion.

Dated: September 9, 2025          Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  JOSEPH T. MCNALLY
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                          /s/
                                  ─────────────────────────────
                                  JEHAN P. KIM
                                  PATRICK D. KIBBE
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant BRAYAN RAMOS-BRITO ("defendant") struck Border Patrol Agent J.M. in the chest, while Agent J.M. was engaged in his official duties. For his conduct, he has been charged with violating 18 U.S.C. § 111(a)(1), assault on a federal officer or employee. The government anticipates that defendant may raise an affirmative defense of self-defense at trial.[1] He should be precluded from doing so.

For defendant to argue self-defense at trial, he is required to first make an offer of proof that (1) he did not know the victim was a federal officer or employee; (2) his use of force was reasonably necessary to defend himself against the victim's (purported) immediate use of unlawful force; <u>and</u> (3) such force was no more force than reasonably necessary under the circumstances. <u>See</u> Ninth Circuit Model Jury Instruction No. 8.3 (2022 ed.). To date, the government has not received an offer of proof as to how defendant can establish a prima face case of self-defense. Nor can defendant do so, given the facts as described below. Because defendant is unable to establish a prima facie case that the elements of self-defense against a federal officer are met, the Court should preclude him from raising that affirmative defense at trial.

---

[1] Defense emailed government counsel and indicated they may seek the addition of a self-defense jury instruction. Depending on whether or not the Court allows it, the parties have included the Ninth Circuit Model Jury Instruction No. 8.3 (Self-Defense) in their Joint Proposed Jury Instructions.

## II. STATEMENT OF FACTS

On Saturday morning, June 7, 2025, there was a protest outside of an office complex, housing HSI, in Paramount, California. A group of individuals gathered there to protest federal immigration enforcement proceedings. Some of the protestors, including defendant, were shouting threats, and attempting to block access to the office complex, preventing USBP cars and other vehicles from entering. Prior to the assault, defendant was captured on bodycam arriving on scene, saying "all of you all some fucking bitches, all of you all some bitches, fuck Border Patrol bitch. You're a fucking disgrace if you're Mexican." A few minutes later, he is pictured with both fists balled up at his sides, getting close to agents and telling them to "get the fuck up out of here." He points his finger a few inches away from an agent's face, telling him "I want you [motherfucker]."



**Ex. A – Defendant with balled fists threatening agent**

2

When Agent J.M. pushed another protestor out of the way of incoming traffic, defendant shoved him.



**Ex. B – Defendant shoving Agent J.M. when Agent J.M. is attempting to move a protestor out of the way of traffic**

A few minutes after that, while defendant is blocking the road, and preventing cars from getting into the office complex, Agent Mejorado walks up to defendant, and puts his hand on his arm, and defendant swatted his arm away. As defendant is blocking a vehicle from entering the complex, Agent J.M. pushes him back several feet. Defendant then walked back toward Agent J.M. with his fists balled up, and ultimately struck Agent J.M.'s chest. For this strike, defendant was charged in an information with misdemeanor assault on a federal officer or employee.



**Ex. C – Defendant walking back toward Agent J.M. with balled fists before he strikes Agent J.M.**

III. ARGUMENT

    A.    **The Defendant Must Proffer Prima Facie Evidence for Each Element of His Affirmative Defense.**

"If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).

Defendant must put forth "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011) (upholding preclusion of affirmative defense

4

of duress based on insufficient proffer).  Here, defendant cannot proffer prima facie evidence of any of the three required elements of self-defense, let alone all of them as required by the model instruction.

The elements for self-defense set forth in the Model Ninth Circuit Jury Instructions, 8.3 Assault on Federal Officer or Employee—Defenses are: (1) the defendant did not know that the victim was a federal officer or employee; (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force; <u>and</u> (3) the defendant used no more force than appeared reasonably necessary in the circumstances.  <u>See</u> Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.).

<u>First</u>, defendant cannot establish he did not know Agent J.M. was Border Patrol.  Defendant was protesting immigration enforcement, he was outside an office complex housing an HSI office, and there are over a dozen Border Patrol agents at the scene, all in roughly the same uniform as Agent J.M.  On their uniform, they have the words Border Patrol emblazoned on their sleeves, and printed in large bright yellow letters on their back.  Indeed, defendant stated to agents, "all of you all some bitches, fuck Border Patrol bitch."  This is not a case of mistaken identity, and defendant cannot reasonably argue he was unaware of Agent J.M.'s status.

<u>Second</u>, defendant cannot establish that he reasonably believed he needed to use force to "defend" himself -- Agent J.M. did not attack defendant or threaten his "immediate" well-being.  Defendant was blocking traffic, and Agent J.M. pushed him out of the way, so that vehicles could enter the office complex.  Defendant had observed Agent J.M. do the same thing to another protestor just a few minutes

5

earlier, and defendant shoved Agent J.M. at that time.  Agent J.M. was clearing a path for traffic and space away from himself and other agents.  Defendant cannot reasonably argue that he thought he needed to defend himself against Agent J.M.; if defendant had simply walked away, nothing would have happened to him.  See also United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (an objective standard, rather than a subjective one, applies to the requirement that there be a reasonable belief that self-defense was necessary).  Instead, Defendant walked back toward Agent J.M., hands balled into fists, and struck Agent J.M.

Third and last, defendant cannot establish that he used no more force than what appeared reasonably necessary under the circumstances.  Again, after Agent J.M. pushed defendant back, defendant was several feet away from Agent J.M.  Defendant could have chosen to walk away, and join the other protestors at the curb.  Instead, he decided to retaliate.  His actions are not reasonable or necessary under the circumstances.

**B.   Defendant Cannot Establish Prima Facie Evidence of the Elements of Self Defense from Excessive Force.**

An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses *excessive* force in a "narrow range of circumstances."  Acosta-Sierra, 690 F.3d at 1126.  Only in those "narrow circumstances" a defendant need not establish she was ignorant the victim was a federal officer or employee.  See United States v. Ornelas, 906 F.3d 1138, 1148 (9th Cir. 2018).  Defendant must, however, still offer evidence to show "(1) a reasonable belief that the use of force was necessary to defend [herself] against the immediate use of unlawful force and

6

(2) the use of no more force than was reasonably necessary in the circumstances." Acosta-Sierra, 690 F.3d at 1126 (cleaned up); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011).

To the extent defense is raising a self-defense-against-excessive-force theory, it also lacks prima facie evidence. As detailed above, there is nothing in the record to suggest Agent J.M. used unlawful excessive force, or any other provocative conduct, against defendant. See United States v. Span, 75 F.3d 1385-86, 90-91 (9th Cir. 1996) (finding ineffective assistance of counsel where defense attorney failed to raise excessive force defense, when two impartial witnesses who observed the assault stated that, unprovoked, the marshals grabbed the female defendant by her ponytail, threw her against a fence, and then pushed her down against a car, holding her in a chokehold, while the other marshal tackled the male defendant, hitting him with a "karate chop to the back of his head and his knee and hit him and that was the end of Jerry.")

**IV.  CONCLUSION**

In a nutshell, the Ninth Circuit permits two forms of self-defense – (1) ignorance of the official status of the person assaulted (United States v. Feola, 420 U.S. 671, 686 (1975)), and (2) an excessive force defense (Span, 75 F.3d at 1389). Defendant cannot make out a prima facie case for either defense. The government respectfully requests that this Court preclude defendant from presenting this affirmative defense at trial.