BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JEHAN PERNAS KIM (Cal. Bar No. 320584)
Assistant United States Attorney
Deputy Chief, Transnational Organized
Crime Section
PATRICK D. KIBBE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (714) 338-3549/ (213) 894-6482
     Facsimile: (213) 894-0141
     Email:    jehan.kim@usdoj.gov
               patrick.kibbe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>BRAYAN RAMOS-BRITO,<br><br>             Defendant. | No. 2:25-CR-501-SVW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO COMPEL GRAND JURY INFORMATION AND TRANSCRIPTS (DKT. 92)<br><br>Trial Date: September 16, 2025<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the<br>            Hon. Stephen V.<br>            Wilson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Jehan P. Kim and Patrick D. Kibbe, hereby files its opposition to defendant's motion in limine to compel grand jury information and transcripts. (Dkt. 92.)

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 13, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


          /s/
JEHAN P. KIM
PATRICK D. KIBBE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Brayan Ramos-Brito is on a fishing expedition. Defendant is charged by information with misdemeanor assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1). Notwithstanding the fact that defendant was charged via information with a misdemeanor, and therefore his case was not even required to be presented to a grand jury, defendant seeks secret grand jury material based on nothing more than bald speculation. Defendant's claim is based on speculation that his case was presented to the grand jury, speculation that an indictment was not returned, and speculation even further that whatever occurred in secret grand jury proceedings falls under the narrow exceptions to grand jury secrecy or is Brady material and must be produced.

Defendant's desire to engage in a fishing expedition on the eve of trial is no reason to violate the requirements of grand jury secrecy. Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure prohibits the disclosure of any information that would reveal "matters occurring before the grand jury." This prohibition is broad. Courts construing Rule 6(e), including the Ninth Circuit, have stated that it extends to "anything which may reveal what occurred before the grand jury," or "information which would reveal the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like." Standley v. Department of Justice, 835 F.2d 216, 218 (9th Cir. 1987) (cleaned up). The exceptions to this rule of secrecy are narrow and defendant has

failed to meet the high burden to pierce grand jury secrecy.  His motion should be denied.

**II. ARGUMENT**

    **A.   Legal Standard**

The "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 218 (1979) (noting that the "Supreme Court has consistently recognized" this premise).  Indeed, "[s]ince the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.  The rule of grand jury secrecy . . . is an integral part of our criminal justice system."  <u>Id.</u> at 218 n.9.  The Supreme Court has consistently recognized that this indispensable secrecy of grand jury proceedings "must not be broken except where there is a compelling necessity."  <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958).  The grand jury is a public institution which serves the community, thus its secrecy is necessary to uphold, for this institution "might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow."  <u>Id.</u>

    This fundamental presumption of grand jury secrecy is now embodied in Rule 6(e) of the Federal Rules of Criminal Procedure. A court may permit disclosure of grand jury materials to defendant in two narrow situations, under Rule 6(e)(3)(E)(i), when "preliminarily to or in connection with a judicial proceeding, or Rule 6(e)(3)(E)(ii), when a defendant "shows that a ground may exist to dismiss an indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(i), (ii).  Defendant does not have any ground to dismiss an indictment; indeed, there is not

even an indictment in this case. Therefore, the only exception to the strong presumption of grand jury secrecy is the exception in Rule 6(e)(3)(E)(i).

A court may permit the disclosure of grand jury materials to a party under Rule 6(e)(3)(E)(i) only when the requesting party has demonstrated a "particularized need" or "compelling necessity" for disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-22 (1979). The particularized need standard is sufficiently met when the parties show "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co., 441 U.S. at 222.

Importantly, "[m]ere 'unsubstantiated, speculative assertions of improprieties in the proceedings'" or other matters "do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835-36 (9th Cir. 1980) (quoting United States v. Rubin, 559 F.2d 975, 988 (5th Cir. 1977), vacated on other grounds, 439 U.S. 810 (1978)); see also Costello v. United States, 350 U.S. 359, 363-64 (1956). Grand jury testimony is not to be "released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) (internal quotes and citation omitted).

Further, the "proper functioning of our grand jury system depends on the secrecy of grand jury proceedings." Douglas Oil Co., 441 U.S. at 218 (citations omitted). Courts in using their

discretion to grant or deny such a motion to compel must consider the "possible effects upon the functioning of future grand juries," as well as the immediate effect on the particular grand jury at issue. Id. (acknowledging that "persons called upon to testify will consider the likelihood that their testimony may be disclosed to outside parties" and that "fear of future retribution or social stigma may act as powerful deterrents to those who come forward and aid the grand jury in the performance of its duties").

### B. Defendant Impermissibly Attempts to Use *Brady* to Engage in a Fishing Expedition

Defendant first attempts to compel discovery of grand jury material by baselessly invoking Brady v. Maryland, 373 U.S. 83 (1963) and speculating that grand jury information might contain Brady information. This is pure speculation and it does not trump grand jury secrecy.

Brady does not create an absolute right of access to grand jury testimony or information. See United States v. Natale, 526 F.2d 1160, 1170 (2d Cir. 1975) (Brady does not require that the government disclose grand jury testimony of all witnesses); Gollaher v. United States, 419 F.2d 520, 527 (9th Cir. 1969) (Brady does not support the theory that the government must disclose grand jury testimony of those it does not call as witnesses because those individuals may have given testimony beneficial to defendant). "The heart of the holding in Brady is the prosecution's suppression of evidence favorable to the accused. Moore v. Illinois, 408 U.S. 786, 794 (1972) (emphasis added). The concept of 'suppression' implies that the government has information in its possession of which the defendant lacks knowledge and which the defendant would benefit from

4

Case 2:25-cr-00501-SVW   Document 97   Filed 09/13/25   Page 7 of 10   Page ID #:340

knowing. See Giles v. Maryland, 386 U.S. 66, 96 (1967) (White, J., concurring).

Here, defendant cannot plausibly claim that any purported grand jury material that may exist as to him is both favorable to him and to which he lacks knowledge of is being suppressed to qualify as Brady. The government has already complied with its Brady obligations in this case and will continue to do so. Defendant has already received all the evidence in this case -- including any purported Brady material -- and is mounting his defense at trial based on that evidence. Presumably defendant and his counsel can reasonably determine why or why not a grand jury may or may not have indicted him for a felony assault charged based on their assessment of the strength of the government's case. But that a grand jury may or may not have agreed with defendant's and his counsel's assessment of the strength of the evidence does not make it Brady.[1]

Defendant's other argument that "there is no reason to refuse to tell defense whether or not a grand jury proceeding took place" is simply wrong. The government is prohibited from disclosing any information that would reveal "matters occurring before the grand jury" under Rule 6(e), including "information which would reveal the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like." Standley, 835 F.2d at 218.

---

[1] The government is also aware of its separate obligation to produce any grand jury transcript that contains its witness's statements as required under the Jencks Act.

5

Because whether this case was presented to grand jury is not Brady and is prohibited from disclosure by the government under Rule 6(e), defendant's motion must be denied.

### C. Defendant Has Not Met the Burden of Showing a Particularized Need Either

Defendant's motion should be denied even if analyzed outside of a Brady claim. Disclosure of grand jury material is still only warranted when a party shows that they seek material only to avoid a possible injustice in another judicial proceeding and that the need for disclosure is greater than the need for continued secrecy. See Douglas Oil Co., 441 U.S. at 219-22. Defendant's bald claim that grand jury material that might exist may be "unfavorable to the government and favorable to the defense" is still insufficient to show a compelling particularized need. (Mot. at 3.)

Defendant's argument that any material may be favorable to him is based on mere speculation, which is insufficient to meet defendant's burden to pierce grand jury secrecy. See Ferreboeuf, 632 F.2d at 835 ("speculative assertions of improprieties in the proceedings" do not supply the "particular need" required to outweigh the policy of grand jury secrecy); see also United Kingdom, 238 F.3d at 1321 ("[n]o grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information") (citation omitted); United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) ("a bare allegation that the records are necessary to determine if there may be a defect in the grand jury process does not satisfy the "particularized need" requirement.").

Defendant tries to avoid his failure to show a compelling particularized need by shifting his burden to the government and arguing that there is "little interest in secrecy at this point" because the investigation is over. (Mot. at 4.) But if that were the case, there would never be any need for grand jury secrecy after an investigation concludes. That is not the law because Rule 6(e) still requires secrecy and defendant still has the burden of explaining why the rule of secrecy should be lifted; it is not the government's burden to explain why it should remain. Even if it were, however, the policy implications of grand jury secrecy always remain. Indeed, the most significant policy implications of grand jury secrecy that survives after a grand jury investigation is concluded is that secrecy encourages witnesses to testify fully and honestly without fear of retribution. This consideration is to be given significant weight regardless of the status of the investigation. See United States v. Sobotka, 623 F.2d at 767; Illinois v. Sarbaugh, 552 F.2d 769, 775 (7th Cir. 1977). And other than his speculative assertions, defendant utterly fails to try to explain why his need should trump this important policy consideration.

The need to hold defendants to their evidentiary burden prior to ordering the disclosure of grand jury materials is larger than any one individual case because the "proper functioning of our grand jury system depends on the secrecy of grand jury proceedings." Douglas Oil Co., 441 U.S. at 218 (citations omitted). Defendant's speculative theories are simply an attempt to breach grand jury secrecy. This is unwarranted, and allowing defendant's motion to

succeed would affect future cases and the institution of the grand jury.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.