BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JEHAN PERNAS KIM (Cal. Bar No. 320584)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
PATRICK D. KIBBE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (714) 338-3549/ (213) 894-6482
    Facsimile: (213) 894-0141
    Email:    jehan.kim@usdoj.gov
             patrick.kibbe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRAYAN RAMOS-BRITO, <br><br> Defendant. | No. 2:25-CR-501-SVW <br><br> <u>STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL PERSONNEL RECORDS AND INFORMATION OF GOVERNMENT WITNESSES</u> |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Jehan P. Kim and Patrick D. Kibbe, and defendant Bryan Ramos-Brito ("defendant"), by and through his counsel of record, Federal Public Defender Cuauhtemoc Ortega and Deputy Federal Public Defender Bo Griffith, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination of private

information of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), as set forth below:

1. The government has information contained in various government personnel records ("Confidential Personnel Materials") regarding government law enforcement officer-witnesses ("LEOs") that the government intends to call at trial.

2. The government would like to disclose information contained in the Confidential Personnel Materials to defendant's counsel of record in connection trial.

3. However, the LEOs have privacy rights relating to personnel records and information relating to personnel records.

4. The parties recognize that the Confidential Personnel Materials that the government produces to the defense pursuant to the proposed protective order are solely for the use of defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the hearing in this case. The purpose of the proposed protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal identifying information of others.

5. Accordingly, the parties jointly request a protective order that will permit the government to produce the Confidential Personnel Materials, but places limitations on defendant's access to the discovery without a member of the defense team present.

6. The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), will serve the government's interest in maintaining the privacy of LEOs, while permitting the defense to understand the government's evidence against defendant:

      a.    For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at the defendant's counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, and (4) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case – who have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include defendant, his family members, or any other associates of defendant.

      b.    Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

      c.    The government is authorized to provide defendant's counsel of record with Confidential Personnel Materials marked with the following legend: "Confidential Personnel Materials - CONTENTS SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

      d.    Defendant may review Confidential Personnel Materials in this case only in the presence of his counsel or another member of his defense team, and such person or persons shall ensure that defendant is not left alone with any discovery subject to the

Protective Order.  Defendant may see and review Confidential Personnel Materials in the presence of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Confidential Personnel Materials in this case at any time. Defendant must return any Confidential Personnel Materials to the defense team at the conclusion of any meeting at which defendant is permitted to view the Confidential Personnel Materials.  Defendant may not take any Confidential Personnel Materials out of the room in which he is meeting with the defense team.  Defendant may not write down or memorialize any information contained in the Confidential Personnel Materials, nor may defendant disseminate any information contained in the Confidential Personnel Materials beyond use in this court proceeding.  At the conclusion of any meeting with defendant, the defense team shall take all Confidential Personnel Materials.  At no time, under no circumstance, will any Confidential Personnel Materials left in the possession, custody, or control of defendant, whether defendant is incarcerated or not.

   e. The defense team shall not permit anyone other than the defense team to have possession of Confidential Personnel Materials, including defendant himself.

   f. The defense team shall access and use Confidential Personnel Materials for the sole purpose of preparing for the hearing or any related proceedings in this case.

   g. The defense team shall maintain Confidential Personnel Materials safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant, as restricted above, to see or possess Confidential Personnel Materials, (2) not

4

divulging to anyone other than the defense team the contents of Confidential Personnel Materials, and (3) not permitting Confidential Personnel Materials to be outside of the defense team's offices, homes, vehicles, or personal presence.

      h.   To the extent that notes are made that memorialize, in whole or in part, the information in any Confidential Personnel Materials, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Confidential Personnel Materials subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      i.   The defense team and defendant shall use Confidential Personnel Materials only for the litigation of this matter, and for no other purpose.  Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Personnel Materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the references to Confidential Personnel Materials and make all reasonable attempts to limit the divulging of Confidential Personnel Materials.  The parties additionally agree that any Confidential Personnel Materials produced in the course of discovery in the above-captioned matter prior to the

5

date of the Protective Order shall be subject to the terms of the Protective Order.

    j. Upon the final disposition of this case, any Confidential Personnel Materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return the materials designated subject to the Protective Order or certify that such materials have been destroyed, only to the extent that such destruction or return to the government does not violate any professional obligation of defense counsel under the California Rules of Professional Responsibility or any other rule of professional responsibility to maintain client files.

//
//
//

k.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Confidential Personnel Materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning all Confidential Personnel Materials to the government upon the conclusion of appellate and post-conviction proceedings.

IT IS SO STIPULATED.

Dated: September 16, 2025            Respectfully submitted,

                                     BILAL A. ESSAYLI
                                     Acting United States Attorney

                                     JOSEPH T. MCNALLY
                                     Assistant United States Attorney
                                     Acting Chief, Criminal Division

                                          /s/
                                     _____
                                     JEHAN P. KIM
                                     PATRICK D. KIBBE
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

Dated: September 16, 2025

                                      /s/ via email authorization*
CUAUHTEMOC ORTEGA
Federal Public Defender
BO GRIFFITH
Deputy Federal Public Defender

Attorneys for Defendant
BRYAN RAMOS-BRITO

\* Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

8